IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROY L. COOKE, et al.,

           Plaintiffs,

v.                            CIVIL ACTION NO.   2:13-cv-09645

ABIGAIL COSBY, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is a motion to dismiss or, alternatively to abstain from, this case.  [ECF 5.]  The motion was filed by Defendants' Shirley Perrine, John Perrine, Jared Linkenauger, Chris Smith, Jesse Adkins, Eric Mull, Carol Epperly, Dale Epplerly, and Epperly Realty, LLC ("Defendants") [ECF 5].[1]  Plaintiffs filed a response in opposition.  (ECF 10.)  Defendants did not file a reply.  For the reasons that follow, the Court **DENIES** the motion.

*I.    BACKGROUND*

This dispute arises from Defendants Carol and Dale Epperly and Epperly Realty, LLC's ("the Epperly Defendants") eviction of Plaintiffs from leased office and warehouse space.  The following pertinent facts are taken from Plaintiffs' Complaint:

Plaintiffs Roy and Lisa Ross were employees of Plaintiff The Cooke Company LLC. (ECF 1 at 2.)  On March 1, 2009, Plaintiff The Cooke Company and Defendant Epperly Realty entered into a lease agreement for two adjacent office suites pursuant to a written lease agreement.

---

[1]   The sole remaining Defendant, Abigal Cosby, has filed an answer to the Complaint and has not moved to dismiss. In her Answer, Deputy Cosby asserts, among other things, the defense of qualified immunity.  (ECF 8 at 8.)

(*Id.* at 2–3.) On February 9, 2012, Plaintiffs met with the Epperly Defendants "to resolve all outstanding issues between them, including outstanding issues of past due rent." (*Id.* at 3.) Plaintiffs did not have legal counsel present during this meeting, but the Epperly Defendants did. (*Id.*) The Epperly Defendants "required" Plaintiffs to sign a rental payment agreement "with the assurance that Plaintiffs would have access to the building so that Plaintiffs could operate the business." (*Id*.) Plaintiff Roy Cooke signed the agreement. (*Id.*) Plaintiffs gave the Epperly Defendants two checks for back rent at this meeting and had an oral understanding with the Epperly Defendants that the checks would not be cashed until February 15, 2012. (*Id.* at 6.) The Epperly Defendants allegedly failed to disclose to Plaintiffs that Defendants "had already taken personal property, including, but not limited to, the property needed to run the business, to wit: telephones, check capture machine, computers, fax machine, etc.'' (*Id.*) Defendant Carol Epperly "was specifically asked if she had a Court order permitting her to take the personal property." (*Id.*) Carol Epperly allegedly "falsely stated that she did have an order", but that she "did not have the order with her." (*Id.*) Plaintiffs were not aware that the day before the meeting Defendant Abigal Cosby, a deputy sheriff, together with the remaining Defendants, entered Plaintiffs' leased office premises and removed Plaintiffs' personal property. (*Id.* at 3–4.) Defendant Cosby is alleged to have been "dressed in her official uniform as a Kanawha County Deputy Sheriff" at the time the property was removed. (*Id.*) Defendants refused to return the personal property until Plaintiffs paid Defendants "in full." (*Id.* at 6.) Plaintiffs state that they would not have signed the rental payment agreement had they known that they were not going to have their personal property returned until after the arrearage had been paid. (*Id.*) Plaintiffs

further allege that, in contravention of their oral agreement, the Epperly Defendants deposited the two checks Plaintiffs had given them on February 13, 2012.  (*Id.*)

Plaintiffs filed their Complaint on April 30, 2013.  (ECF 1.)  The Complaint alleges six counts, each levied against all Defendants: Count one, breach of contract; count two, fraud; count three conversion; count four, a state constitutional tort claim; count five, a punitive damages assertion; and count six, a federal civil rights claim pursuant to 42 U.S.C. §§ 1983 and 1985.  Plaintiffs request compensatory and punitive damages, declaratory relief, attorneys' fees, and costs.

Thereafter, Defendants filed their pending motion to dismiss or, alternatively, to abstain.  Plaintiffs filed a response in opposition.   This matter is now ripe for review.

## II.     LEGAL STANDARDS

### A.     *Federal Rule of Civil Procedure 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Allegations "must be simple, concise, and direct" and "no technical form is required." Fed. R. Civ. P. 8(d)(1).

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.  Fed. R. Civ. P. 12(b)(6).  While "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1202 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* In other words, the factual allegations (taken as true) must "permit the court to infer more than the mere possibility of misconduct." *Id.*

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully' . . . [i]t requires the plaintiff to articulate facts, when accepted as true, to 'state a claim to relief *that is plausible on its face.*' " *Francis*, 588 F. 3d at 193 (quoting *Twombly,* 550 U.S. at 570). While a court must accept the material facts alleged in the complaint as true, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim, *Iqbal*. 556 U.S. at 679. A court "owe[s] no allegiance to 'unwarranted inferences, unreasonable conclusions, or arguments' drawn from those facts." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (citing *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009)). While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

4

(citation omitted). Facts pled that are "merely consistent with" liability are not sufficient. *Iqbal* at 678 (quoting *Twombly*, 550 U.S. at 557). A complaint offering "'naked assertion[s]' devoid of 'further factual enhancement' does not satisfy Rule 8's pleading standard." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). In *Iqbal*, the Supreme Court stated

> [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements.

*Id*. (citations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* (internal quotation marks omitted); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.*

The question of whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted). *Francis*, 588 F.3d at 192.

In reviewing the sufficiency of a complaint a court is generally limited to the allegations stated in the complaint, but may properly consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," or sources "whose accuracy

5

cannot reasonably be questioned." *Katyle*, 637 F.3d at 466 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation altered)).

  B.  *The Colorado River Doctrine*

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation altered). In "exceptional" circumstances, however, a federal court may abstain from hearing a suit and stay the case as a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817.

"The *Colorado River* doctrine permits federal courts to stay or dismiss claims over which the courts have federal question jurisdiction where pending parallel state proceedings raise the identical issues." *Trans Energy, Inc. v. EQT Prod. Co.*, Civil Action No. 5:13CV93, 2014 WL 268641 at *4 (N.D. W. Va. Jan. 23, 2014) (Stamp, J.) (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976)). "The *Colorado River* doctrine is not a doctrine of abstention, which is based upon the principles of federalism and comity for state relations; rather, it is a doctrine resting upon considerations of judicial economy and 'wise judicial administration.'" *Id*. (citing *Colorado River*, 424 U.S. at 813). Consequently, courts apply the *Colorado River* doctrine only in exceptional circumstances. *Id*. at 818.

In *Chase Brexton Health Services, Inc. v. Md.*, 411 F.3d 457, 463–64 (4th Cir. 2005), the Fourth Circuit stated:

> The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits. If parallel suits exist, then a district court must carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction. Although the prescribed

6

>analysis is not a hard-and-fast one in which application of a checklist dictates the outcome, six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. In the end, however, abstention should be the exception, not the rule, and it may be considered only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.

*Id.* "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

The Fourth Circuit has given district courts guidance on the threshold determination of whether state and federal suits are parallel under *Colorado River:* "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). However, "suits need not be identical to be parallel, . . . and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (internal citations omitted). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case." *Id.*

### III. DISCUSSION

In their pending motion, Defendants contend that the Court must dismiss the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Epperly Defendants were acting within their rights under the 2009 written lease agreement and, as such, Defendants have "a complete affirmative defense barring all claims of Plaintiffs." (ECF 6 at 6.). As an alternative to dismissal, Defendants urge the Court to abstain from exercising its subject matter jurisdiction under the *Colorado River* doctrine.

In support of their argument for dismissal and abstention, Defendants attach several exhibits to their motion including the written lease agreement, various notices addressed to The Cooke Company LLC, an affidavit, and documents from the state court proceedings.

Plaintiffs filed a response in opposition to Defendants' motion. The substance of this exceptionally brief response is as follows:

> In the instant case, the Plaintiffs have alleged that the defendants conspired with the Kanawha County Sheriff's Department and defendant Abigail Cosby, a Kanawha County Sheriff's Deputy, to violate the Plaintiff's [sic] civil rights, as well as other claims.
>
> The current pending lawsuit in Kanawha County Circuit Court alleges fraud and breach of contract, as does this Complaint, and arises out of the same factual base. However, the Civil Rights claim is exclusive to this action and should remain within the jurisdiction of the District Court.

(ECF 10 at 1.)

    A.    Analysis

        1.    *Federal Rule of Civil Procedure 12(b)(6)*

At the outset, the Court is troubled by the vagueness of both the Plaintiffs' allegations in their Complaint and their unhelpful response to Defendants' motion to dismiss. The sole jurisdictional basis for this federal case is the civil rights claim alleged in the sixth count of the Complaint. (ECF 1 at 9.) Plaintiffs assert that their civil rights claim arises under 42 U.S.C. §§

1983 and 1985. The lack of detail in the Complaint—particularly with regard to the civil rights count— and Plaintiffs' failure to provide any meaningful substantive response to Defendants' motion to dismiss, raise the concern whether there will be, at the end of the day, a proper jurisdictional basis for this case in federal court.

With that weighty concern in mind, the Court turns to the merits of Defendants' argument that Plaintiffs have failed to state a viable claim. Based on the documents attached to the motion to dismiss, there are two pertinent state court cases. The first is the eviction proceeding filed by Epperly Realty LLC in late January 2012. (ECF 5–2.) That case was dismissed by agreed final order entered on February 14, 2012. (ECF 5–4.) The agreed order states that The Cooke Company agreed to pay Epperly Realty LLC $75,000 in three separate installments. (*Id.*) The order is signed by Kanawha County Circuit Court Judge Charles E. King, by Plaintiff Roy C. Cooke as the manager, officer, and principal of The Cooke Company, and by an attorney for the Epperly Company. (*Id.* at 4.) A second lawsuit was filed by The Cooke Company, LLC and Roy Cooke a month after the dismissal of the eviction case. (ECF 5–2.) This second lawsuit names Epperly Realty, LLC and Carol Epperly and is currently pending before Kanawha County Circuit Court Judge Todd Kaufman.

Also attached to the motion to dismiss are copies of correspondence from Epperly Realty to The Cooke Company. (ECF 5–1.) One of these documents is a notice dated November 15, 2011, to The Cooke Company from Epperly Realty advising that The Cooke Company's tenancy was in default because of a rental arrearage of $83,028.50. (*Id.* at 2.) Another document, also dated November 15, 2011, is a notice advising The Cooke Company of its duty to make various repairs to the leased premises. A copy of a certified mail receipt that appears to be associated with

9

these two notices is included in the exhibit. (*Id.* at 4.) The certified mail receipt is stamped November 23, 2011, and hand-written into the "Sent To" block is "Cooke Co." (*Id.*) While a zip code is written on a section of the address line, the rest of the address line is blank. (*Id.*) There is also a postal service "Track & Confirm" document that states that the item of certified mail was delivered on November 26, 2011, in "Charleston, WV 25313." (*Id.*) Thus, it may well that the November 11, 2011 notices were delivered to one or more of the Plaintiffs, but these documents standing alone do not establish that fact. The remaining notice is dated January 13, 2012, and states that The Cooke Company received notice on November 15, 2011, that its office leases were terminated, and that Epperly Realty would exercise its rights under the section of the lease agreement that permitted Epperly to enter the premises and remove property. (*Id.* at 5.) There is also an affidavit that appears to relate to the January 13, 2012, notice averring that the notice was personally served on Roy Cooke on January 13, 2012. (*Id.* at 5.)

The Court is mindful that in reviewing the sufficiency of a complaint a court is generally limited to the allegations stated in the complaint and that it must assume the truth of factual allegations. The Court may properly consider "documents incorporated into the complaint by reference, and matters which a court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." *Katyle*, 637 F.3d at 466. Here, there is no question that the Court may properly consider the written lease agreement in assessing the merits of the motion to dismiss. Plaintiffs' Complaint not only makes specific reference to the agreement, but also includes specific quotations from the lease agreement.

The written notices, the certified mail receipt, and the affidavit, however, are not referenced by the Complaint and may not be properly considered at this juncture. The Complaint

10

makes no reference to these notices and, in fact, the central allegation of the Complaint—and what appears to the heart of this dispute—is that Defendants "did enter upon the premises of the plaintiffs, did seize and remove the property of the plaintiffs, and did cause the loss of use of said property to the plaintiffs, all being done *without notice*, warrant, court order or other indicia of legal authority." (ECF 1 at 4) (emphasis added). Moreover, the affidavit is most certainly not a document incorporated into the Complaint. Notably, it is unclear from the record as it now stands whether Defendants were in fact properly served, whether a court order was required prior Defendants' entry into the premises, whether Defendants had such an order, or whether Defendants were entitled under the lease agreement and state law to enter the premises without a court order so long as they complied with the notice provisions of the lease agreement. As such, there appear to be several material factual disputes that are better left to the adversarial process at a later stage. Accordingly, dismissal of this case under Federal Rule of Civil Procedure 12(b)(6) is premature.

        *2.* Colorado River *Abstention*

The Court begins its analysis mindful of its "virtually unflagging obligation" to exercise the jurisdiction conferred on it by Congress and that abstention is appropriate only in exceptional circumstances. *Colorado River*, 424 U.S. at 817.

The Court's analysis begins and ends with the question of whether the pending state case and this federal case are "parallel" within the meaning of *Colorado River*. Defendant contends that this case involves substantially the same issues and parties in the state and federal cases. (ECF 6 at 8.) Plaintiffs concede that the lawsuit currently pending in state court "alleges fraud

11

and breach of contract, as does this Complaint, and arises out of the same factual base. . . ." (ECF 10 at 1.) Thus, it not disputed that the facts of both cases are the same.

Although the claims arise from the same factual core, the causes of action asserted in the pending state case are not identical to the claims asserted in this federal case. The state case alleges two state law counts, breach of contract and fraud. The federal Complaint alleges the same breach of contract and fraud claims, but adds two additional state law claims, conversion and constitutional tort. Also, the federal Complaint adds the federal civil rights claim. As stated, that claim is predicated on 42 U.S.C. §§ 1983, 1985, and 1988. Thus, the claims are not identical and the addition of a federal civil rights claim makes the cases substantially dissimilar.

In addition to adding claims that are not the subject of the state court suit, Defendant has named additional parties. In the state case, the plaintiffs are Roy Cooke and The Cooke Company, LLC and the defendants are Epperly Realty, LLC and Carol Epperly. These same parties are named in this federal case, but Plaintiff Lisa Ross, Defendants Dale Epperly, Deputy Cosby, and six other Defendants are added. Although the parties need not be identical, the parties in the two cases are dissimilar enough to persuade the Court that the cases are not parallel, at least on the record as it now stands, under *Colorado River*. Even if the Court were to find that the cases were parallel, the federal forum is not inconvenient for the parties, federal law will govern disposition of the civil rights claim, and the danger of piecemeal litigation is minimal because claim preclusion principles will ensure that any claim presented in the federal forum that has been previously and finally adjudicated in the state cases will be readily dismissed. Thus, because the abstention inquiry's balance must be "heavily weighted in favor of the exercise of jurisdiction," the Court cannot find that this is an exceptional case meriting abstention and a stay.

### 3. *Sufficiency of Plaintiffs' Complaint under Federal Pleading Standards*

Defendants' motion to dismiss did not challenge the sufficiency of Plaintiffs' Complaint under federal pleading standards. The Court thus raises *sua sponte* the question whether Plaintiffs have shown plausible claims for relief under *Iqbal* and *Twombly*.

The Court questions whether the Complaint contains sufficient factual allegations that plausibly show that Plaintiffs are entitled to relief on some or all of their claims. For example, the Complaint makes only threadbare assertions against at least six of the Defendants in this case. More specifically, the sole reference to these Defendants appears in paragraph 3 in the opening section of the Complaint that identifies the parties. Paragraph 3 states: "Defendants SHIRLEY PERRINE, JOHN PERRINE, JARED LINKENAUGER, CHRIS SMITH, JESSE ADKINS, ERIC MULL, CAROL EPPERLY, and DALE EPPERLY are all residents of Putnam, Wayne and/or Kanawha Counties of West Virginia, within the Southern District of West Virginia." (ECF 1 at 2.) Aside from Carol and Dale Epperly, there is no other specific reference to the remaining individual Defendants anywhere in the Complaint. Rather, there are references that Defendant Cosby "in conspiracy, consort, and agreement with the remaining defendants herein" removed property from the leased office space. (*Id.* at 4.) Similarly, none of the specific counts reference a specific Defendant, but rather refer only to "Defendants" as a collective group. There are no factual allegations regarding how Defendants Perrine, Linkenauger, Smith, Adkins, and Eric Mull fit in to this story in any way. Plaintiffs have alleged the type of unadorned, the-defendant-unlawfully-harmed-me accusations that the Supreme Court has condemned under *Iqbal* and *Twombly*. Because Plaintiffs have alleged a civil rights *conspiracy*, heightened pleading standards apply. See 1 Martin A. Schwartz, *Section 1983 Litigation: Claims and*

13

*Defenses* § 1.06 (4th ed. 2004). Additionally, to the extent that Plaintiffs' claim is predicated on 42 U.S.C. § 1985, as they so claim, this claim is plainly not adequately pleaded. *Francis v. Giacomelli*, 588 F.3d 186, 196–97 (4th Cir. 2009) (stating that to plead a violation of § 1985, the plaintiffs must demonstrate with specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus to deprive the plaintiffs of the equal enjoyment of rights secured by the law to all). While a complaint need not contain detailed factual allegations, it must have more than naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. As the Complaint is currently written, it is likely fail to meet minimum pleading standards in several respects upon a timely challenge by Defendants or the Court's sua sponte ruling.

Similarly, there is the not insubstantial question whether the civil rights claim is frivolous. As stated the claim is vaguely pleaded. Also, it is pleaded on the averment of counsel that the claim is likely to have evidentiary support after counsel has had an opportunity for investigation and discovery. Federal Rule of Civil Procedure 11(b)(3) provides for such pleading of claims.[2] The Court observes, however, that Plaintiffs filed their Complaint in this Court in late April 2013, more than a year after the February 2012 alleged incident. Moreover, this matter has been the subject of not one, but two state court proceedings in which Plaintiffs should have had an ample opportunity for discovery. Further, in the course of this federal case, amended pleadings were

---

[2] Rule 11(b)(3) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> \* \* \*
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
> . . .

due December 15, 2013. Plaintiffs have failed to amend their Complaint. Based on the docket in this case, there has been no activity since late November 2013 and the deadline for discovery requests closes in a month. Plaintiffs' failure to amend their Complaint suggests either that they have uncovered no evidence to support their claim, or that they have simply been dilatory, or both.

Even if the Court were to find that the claim, as stated or, perhaps, with a future amendment to the Complaint, satisfies federal pleading standards, its merits have been vigorously challenged by Defendants in the motion to dismiss, to which Plaintiffs have offered no real response. The state and federal litigation history causes the Court concerns about the legitimacy of the claim in part because without this claim this Court could not have assumed jurisdiction over this case. In light of these concerns, the parties are directed to file briefing and appropriate motions as herein ordered.

## IV.  CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' motion to dismiss and to abstain [ECF 5]. The Court **DIRECTS** the parties, including Defendant Cosby, to submit briefing and file appropriate motions on or before **April 15, 2014**, addressing the adequacy of Plaintiffs' Complaint and the issues raised by the Court *sua sponte*.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 14, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE